UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS  
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR 06-20014 |
| | ) | |
| JAVIER ZAVALA-VAZQUEZ, | ) | Title 8, United States Code, |
| | ) | Sections 1326(a) |
| Defendant. | ) | |

## SUMMARY FOR OPEN PLEA TO ONE COUNT INDICTMENT

The defendant is charged in a one count Indictment with re-entry after deportation, in violation of 8 U.S.C. § 1326.  Today, the defendant, through counsel, has advised that he will plead guilty to the Indictment.  This will be an open plea and there are no agreements between the parties.  In order to assist this Court in conducting the Rule 11 proceeding, the government submits the following:

### I. INDICTMENT

The defendant is pleading guilty to the one count indictment charging that:

On or about December 20, 2005, in Champaign County, in the Central District of Illinois,

**JAVIER ZAVALA-VAZQUEZ**,

defendant herein, an alien who previously had been deported from the United States on or about January 6, 2001, at or near Laredo, Texas, subsequent to a conviction for commission of a felony, namely, aggravated battery of a pregnant person, a Class 3 Felony, under the laws of the state of Illinois, in Case No. 2000-CF-1452 in the Circuit

Court for the Sixth Judicial Circuit, Champaign County, Illinois, was found in the United States without having obtained the consent of the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to return.

In violation of Title 8, United States Code, Sections 1326(a).

## II. ELEMENTS OF THE OFFENSE

At trial, the government would have to prove beyond a reasonable doubt each of the following elements:

At the time of the offense, the defendant was:

1. An alien;

2. Who previously had been arrested and the deported from the United States;

3. And then subsequently was found unlawfully in the United States without having obtained the consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to return.

The fact that the indictment charged the defendant with being found in the United States after having been convicted of an aggravated felony is not an element of this offense. Instead, the fact that the defendant's arrest prior to deportation resulted in his conviction of an offense that constitutes an aggravated felony need only be proved at sentencing. See *United States v. Valenzuela-Escalante*, 130 F.3d 944 (10th Cir. 1997).

## III. PENALTIES

The government believes that it will prove at sentencing that the defendant was deported after receiving a prior conviction for an aggravated felony. Therefore, the

following maximum penalties apply:

1. Up to 20 years imprisonment pursuant to 8 U.S.C.A. § 1326(b)(2);

2. Up to 3 years supervised release to follow such imprisonment;

3. A fine of up to $250,000; and

4. A mandatory special assessment of $100.

An "aggravated felony" as defined at 8 U.S.C.A. § 1101(a)(43) includes the offense of "battery of a pregnant person."  See  8 U.S.C.A. § 1101(a)(43)(A).

As charged in the indictment, the defendant was deported from the United States after he was convicted of aggravated battery of a pregnant person, a Class 3 Felony, in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois.  That offense is an "aggravated felony" within the meaning of this statute.

Because the defendant was deported after this aggravated felony conviction, the defendant's advisory guideline sentence is subject to an 8 level enhancement pursuant to 16 U.S.S.G. § 2L1.2(a) and (b)(1)(C).  The defendant's advisory guideline sentence before any credit for acceptance of responsibility would be an Offense Level of 16.  The government does not know the defendant's Criminal History Category.

**IV. FACTS**

The defendant, a Mexican national, was deported from the United States on or about January 6, 2001, at or near Laredo, Texas, after he was convicted in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, for commission of the offense of aggravated battery of a pregnant person in Case No. 2000-CF-1452.

3

The defendant was not subsequently given permission to return to the United States.

On December 20, 2005, Immigration and Customs Enforcement Special Agent William Hutton was advised by an employee of the Champaign County Probation and Court Services that ZAVALA, a previously deported alien, had returned to Champaign County, Illinois. He was further advised that on December 12, 2005, ZAVALA was convicted in Champaign County, Illinois for the Class 4 Felony offense of Domestic Battery and was sentenced to 24 months probation (Champaign County case number 2004-CF-1652). ZAVALA was scheduled to appear for his probation appointment at 3:30 P.M that day.

On December 20, 2005, Agent Hutton conducted criminal history and immigration related queries, which disclosed that ZAVALA was assigned FBI number XXXXXXX and alien registration number XXXXXXXX. These queries also disclosed that on September 29, 2000, ZAVALA was convicted in Champaign County, Illinois, for the offense of Aggravated Battery/Pregnant Person, a Class 3 Felony, and sentenced to 24 months probation (Champaign County case number 2000-CF-1452). These queries also disclosed that on January 6, 2001, ZAVALA was deported from the United States to Mexico at Laredo, Texas. These queries also disclosed that on December 12, 2005, ZAVALA was convicted in Champaign County, Illinois for the Class 4 Felony offense of Domestic Battery and was sentenced to 24 months probation (Champaign County case number 2004-CF-1652).

On December 23, 2005, a Champaign County Probation and Court Services employee advised Agent Hutton that ZAVALA appeared for his scheduled probation appointment on December 20, 2005. The employee stated that she recognized ZAVALA as the same person who was convicted on September 29, 2000, in Champaign County, Illinois, for the offense of an Aggravated Battery of a Pregnant Person and sentenced to 24 months probation (Champaign County case number 2000-CF-1452).

On January 4, 2006, Agent Hutton received and reviewed the alien registration file (XXXXXXXX) of ZAVALA. The file indicated that ZAVALA is a native and citizen of Mexico, born in Guanajuato, Mexico on XX/XX/XXXX. The file contained a Warrant of Deportation reflecting the deportation of ZAVALA from the United States to Mexico at Laredo, Texas, on January 6, 2001. The warrant contained the signature, photograph, and fingerprint impression of ZAVALA. The file contained no record of ZAVALA requesting or receiving permission from the Attorney General or his successor, the Secretary of the Department of Homeland Security, to apply for readmission to the United States since his last deportation.

Javier ZAVALA-Vazquez is in the United States in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1). This violation occurred in Champaign County, Illinois within the Central District of Illinois.

On January 10, 2006, Agent Hutton arrested ZAVALA-Vazquez at the Champaign County Courthouse and he was taken into federal custody.

## V. **WAIVER OF RIGHTS BY PLEADING GUILTY**

By entering a Plea of Guilty, the defendant is waiving the following rights, among others:

    a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of 12 persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

    c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government

witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf.  If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e.    The right against compelled self-incrimination.  At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.  If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

This summary for open plea is respectfully submitted this 30th day of March 2006.

                              RODGER A. HEATON
                              UNITED STATES ATTORNEY

BY:    s/David H. Hoff
         DAVID H. HOFF, Bar No. IL 1234072
         Assistant United States Attorney
         201 S. Vine St., Suite 226
         Urbana, IL 61802
         Phone:  217/373-5875
         Fax: 217/373-5891
         david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of March 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>John D. Taylor
>Assistant Federal Defender
>300 W. Main
>Urbana, IL 61801

>s/David H. Hoff
>DAVID H. HOFF, Bar No. IL 1234072
>Attorney for Plaintiff
>Assistant United States Attorney
>201 S. Vine Street, Suite 226
>Urbana, Illinois 61802
>Phone:  217/373-5875
>Fax: 217/373-5891
>david.hoff@usdoj.gov